UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DARYL HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00009-JMS-MJD |
| | ) | |
| WHITE JACOBS & ASSOCIATES, INC., | ) | |
| LEXON INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO DISMISS**

This matter comes before the Court on Defendant Lexon Insurance Co.'s ("Lexon") and Defendant White Jacobs & Associates Inc.'s ("WJA") (collectively "Defendants") respective Motions to Dismiss for Improper Venue or, in the alternative, for Transfer of Venue to the Eastern District of Texas. [Dkts. 9 & 15.] For the following reasons, the Court **DENIES** the Defendants' motions.

**I. Background**

On January 5, 2015, Daryl Hill ("Plaintiff") filed his Complaint with this Court, alleging that the Defendants violated the federal Credit Repair Organizations Act (CROA) and the Credit Services Organization Acts (CSOA) of both Indiana and Texas. [Dkt. 1.] In response, on January 30, 2015, Lexon promptly filed its motion to dismiss Plaintiff's Complaint for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), along with its Answer. [Dkts. 9 & 10.] One week later, WJA likewise responded to Plaintiff's Complaint by filing a motion to dismiss for improper venue, substantially similar to the one filed by Lexon, along with its Answer. [Dkts. 15 & 17.] On April 13, 2015, all three parties filed a Joint Consent and Reference of a Motion to the Magistrate Judge, which consent to the Magistrate Judge's ruling

1

on Defendants' pending motions to dismiss was approved by the District Judge the same day. [Dkts. 27 & 28.] Accordingly, the Defendants' motions to dismiss and, in the alternative, for transfer are now before the Court. [Dkts. 9 & 15.]

## II. Discussion

Defendants make several arguments in their present motions that can be distilled into three issues: (1) whether Plaintiff's agreement with WJA prevents Plaintiff from filing his Complaint in this Court, (2) whether venue is proper pursuant to 28 U.S.C. § 1391, and (3) whether dismissal or transfer is appropriate pursuant to 28 U.S.C. § 1406 (if venue is improper) or, in the alternative, whether transfer is appropriate pursuant to 28 U.S.C. § 1404 (if venue is proper).

### A. Venue by Contract

The Court will first address whether the contract between Plaintiff and WJA contains a mandatory forum-selection clause that prevents Plaintiff from filing his Complaint in this Court. In response to Defendants' argument in the affirmative, Plaintiff asserts that the so-called forum selection clause serves no such purpose and only governs the choice-of-law, not the forum. [Dkt. 22 at 4.]

In the Seventh Circuit, "a forum-selection clause will be enforced unless enforcement would be unreasonable or unjust or the provision was procured by fraud or overreaching." *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992). However, in order to be enforced as such, the court must first determine whether the clause is even a forum-selection clause. *Id.* at 755. When so interpreting a contract, "every provision should be given effect and the words should be read with their ordinary meaning." *Id.* Only when the ordinary meaning of the clause in question presents an actual forum-selection clause can the court then

2

determine whether the forum-selection clause can be enforced. *Id.* In this analysis, a significant distinction is drawn: "where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Id.* at 757.

Here, the relevant clause reads as follows: "This agreement is **made and entered** into **in** the State of Texas, shall be **performed within** the State of Texas, and shall **be interpreted, enforced, and governed by the laws** of said state without regard to any conflict of law provisions." [Dkt. 9 at 2; Dkt. 15 at 3 (emphasis added).] According to the plain language of this clause, the agreement between Plaintiff and WJA was *made, entered into, and performed* **in or within** Texas. However, equally plainly, the agreement must be *interpreted, enforced, and governed* **by the laws of** Texas—**not within** Texas. Thus, with regard to the interpretation and enforcement of the agreement, the language is clear and unambiguous that the law applied to such interpretation and enforcement must be that of the State of Texas. However, there is no "mandatory or obligatory language" specifying the forum in which such interpretation or enforcement is to take place, so the Seventh Circuit standard iterated in *Paper Express* for an enforceable forum-selection clause is not met. Therefore, while this clause does bind the Court to employ Texas law when interpreting or enforcing the agreement, the clause does *not* bar the Plaintiff from filing his case in this Court. Accordingly, the terms of Plaintiff's agreement with Defendant WJA does not render this Court an improper venue for his suit against the Defendants.

**B. Venue by Statute**

While the Court has found that Plaintiff's choice of venue is not improper pursuant to the plain language of his agreement with WJA, Plaintiff must still satisfy the venue requirements of

3

28 U.S.C. § 1391 in order to avoid dismissal for improper venue pursuant to Rule 12(b)(3). The relevant portion of section 1391 reads as follows:

> A civil action may be brought in –
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If, by filing his Complaint in this Court, Plaintiff has satisfied the requirements of either subsection (1) or subsection (2), the fact that another district could also be such a proper venue does not eliminate the propriety of this one.

With regard to subsection (1), Defendants Lexon and WJA each argue that they do not "reside" in Indiana and therefore the requirements are not met. [Dkt. 9 at 2; Dkt. 15 at 2-3.] In response, Plaintiff asserts that the Defendants interpret the word "reside" too narrowly and confuse "residence" as being a synonym to the word "domicile," insisting that section 1391 defines the term more broadly. [Dkt. 22 at 3.]

Indeed, 28 U.S.C. § 1391(c)(2) states the following with regard to corporate residency: "an entity . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." As explained by the Seventh Circuit, for the purposes of evaluating the propriety of venue, the court must consider whether an entity defendant would be subject to personal jurisdiction in the district where the case was filed. *See KM Enterprises, Inc. v. Global Traffic Technologies, Inc.*, 725 F.3d 718, 732 (7th Cir. 2013) ("for purposes of evaluating venue, we must consider whether [the entity defendant] would be subject to personal jurisdiction in the

4

[district where the plaintiff's complaint was filed]"); *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 809 (7th Cir. 2002) ("Congress has defined the word 'resides,' in terms of a defendant's amenability to personal jurisdiction").

In its motion to dismiss, Lexon first relies on the fact that "it is not 'domiciled' in Indiana" in order to assert that venue in this Court is improper. [Dkt. 9 at 2.] This demonstrates a misunderstanding of section 1391, as an entity defendant's "domicile" has no relevance to the issue of venue; the question is whether the defendant "resides" in the state in which the district court is located. 28 U.S.C. § 1391(b)(1). Because an entity defendant is considered a resident of a state "in which such defendant is subject to the court's personal jurisdiction" under section 1391, the question becomes whether Lexon is subject to the personal jurisdiction of the State of Indiana, as seen in *KM Enterprises* and *Waeltz*. In its motion to dismiss, Lexon confirms that it is authorized to underwrite insurance in Indiana [Dkt. 9 at 2.], which authorization Plaintiff asserts is a sufficient purposeful availment of the privilege of conducting activities in Indiana what would subject it to personal jurisdiction therein [Dkt. 22 at 4 (citing to *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)]. No reply brief was submitted, and therefore Lexon makes no argument that Plaintiff's assertion is without merit.

In the alternative, Lexon argues that the case should still be dismissed because "venue is not appropriate in this Court with respect to WJA." [Dkt. 9 at 2.] In its own motion to dismiss, WJA asserts that venue is improper because WJA is not domiciled in Indiana, has no employees or independent contractors in Indiana, does not engage in advertising specifically toward Indiana residents, and services clients of whom 80% are Texas residents. [Dkt. 15 at 2.] In response to these assertions, Plaintiff indicates that, by not raising the issue of personal jurisdiction in their

first responsive pleading as a 12(b)(2) motion to dismiss, both Lexon and WJA have waived their rights to object to personal jurisdiction, pursuant to 12(g).

Thus, the question at the root of Defendants' motion to dismiss is whether a defendant's failure to move for dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction constitutes a waiver of such claim for lack of personal jurisdiction in the context of residency under 28 U.S.C. § 1391(b)(1). While the Seventh Circuit has not yet spoken on this issue, several courts within the Seventh Circuit have held that an entity defendant that fails to assert lack of personal jurisdiction has waived the defense in the context of a motion to dismiss for improper venue. *See, e.g.*, *Timm v. Goodyear Tire & Rubber Co.*, No. 2:14-CV-232 -PPS-JEM, 2014 WL 6909015, at *3 (N.D. Ind. Dec. 8, 2014) ("[the entity defendant] has not provided any argument or affidavit contesting personal jurisdiction in the Northern District of Indiana, thereby waiving the defense of lack of personal jurisdiction. The Court concludes that [the defendant] is subject to this Court's personal jurisdiction and is thus deemed to reside in the Northern District of Indiana pursuant to 28 U.S.C. § 1391(c)(2), making this an appropriate venue pursuant to 28 U.S.C. § 1391(b)); *XPO Logistics, Inc. v. Gallatin*, No. 13 C 1163, 2013 WL 3835358, at *5 (N.D. Ill. July 24, 2013) ("[the entity defendant] did not seek dismissal of any counts based on lack of personal jurisdiction in its initial motion [to dismiss for improper venue] and thus any challenge on that basis is waived").

Here, Plaintiff is correct in asserting that both defendants move to dismiss solely on the basis of improper venue and do not assert lack of personal jurisdiction. [*See* Dkts. 9 & 15.] Accordingly, Rule 12 prevents Defendants from "**mak[ing] another motion** under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g) (emphasis added). That being established, the Court also recognizes that

the issue of personal jurisdiction is integrally intertwined with the issue of residency of an entity defendant under section 1391, and Defendants here have not "made another motion" here, to the letter of Rule 12(g). Thus, without binding precedent establishing that a lack of motion pursuant to 12(b)(2) prevents a party from raising a defense to an allegation of 1391(b)(1) residency, the Court would be open to the consideration of the Defendants' arguments contrary to Plaintiff's assertion that an argument against personal jurisdiction in *any* context has been waived, as also seen in *Timm* and *XPO*. However, Defendants both failed to file any brief or make any argument in reply to Plaintiff's allegations that the Defendants have waived their right to assert lack of personal jurisdiction by failing to move to dismiss the matter pursuant to Rule 12(b)(2). Thus, for the purposes of determining the propriety of venue, Defendants have waived the argument that they do not "reside" in the Southern District of Indiana, pursuant to 28 U.S.C. § 1391(c)(2). Accordingly, the requirements of 28 U.S.C. § 1391(b)(1) have been met, and Plaintiff has sufficiently asserted that venue in this Court is proper.

### C. Appropriateness of Transfer

Having determined that this Court is a proper venue for Plaintiff's Complaint, the Court now considers Defendants' argument to, in the alternative, have the matter transferred to the Eastern District of Texas. The relevant portion of title 28 reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Thus, there are two bases on which a party can successfully make such a motion for transfer: (1) for the convenience of the parties and witnesses or (2) in the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986) (noting that the two bases are "separate component[s] of a § 1404(a) transfer analysis").

With regard to the basis of convenience of parties and witnesses, it is the burden of the movant to establish, "by reference to particular circumstances, that the transferee forum is **clearly more convenient**." *Id.* at 219-20 (emphasis added). In order to meet this burden of proof, the movant must go above the mere recitation of facts and present arguments, with citation to the relevant authorities, as to the existence of particular circumstances that weigh in favor of transfer under the statutory factors. *Id.* With regard to the interest of justice basis for transfer, the relevant factors are those that "relate to the efficient administration of the court system." *Id.* at 220-21. Such a transfer of venue is permissive, and therefore the decision to transfer is within the "sound discretion of the trial judge." *Id.* at 219.

Here, the Defendants concede that "transfer is not in the interest of justice."[1] [Dkt. 9 at 4.] Therefore, the only issue with regard to Defendants' motions is whether transfer should be granted under section 1404(a) "for the convenience of parties and witnesses." In the portion of its motion that addresses convenience, Lexon merely writes that Plaintiff's filing in this Court "has caused great inconvenience to both defendants and significantly increased the attorney fees that have occurred in dealing with this Plaintiff." [Dkt. 9 at 4-5.] WJA's motion makes the same statement, verbatim. [Dkt. 15 at 5.] These assertions, however, are not supported by any

---

[1] The Court acknowledges that, in making this concession, Defendants were assuming the transfer analysis would be conducted pursuant to 28 U.S.C. § 1406(a), which reads: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This section of title 28 is only applicable, however, to cases "laying venue in the wrong division or district." Here, the Court has found that venue is proper, and thus section 1406 does not apply to the present case. While Defendants' intention of conceding that transfer is not in the interest of justice was likely in order to be granted dismissal pursuant to section 1406(a), which states that the court "shall dismiss, or if it be in the interest of justice, transfer such case," the context of the concession does not change the fact that Defendants made such a concession. Further, when confronted by Plaintiff's assertion that it is section 1404(a), not 1406(a), that is applicable to the present matter, Defendants made no reply. Accordingly, Defendants have so waived any argument that transfer of venue to the Eastern District of Texas would be in the interest of justice. Although Defendants both refer to a related case pending before the Collin County Court in Texas, transfer of this matter to the Eastern District of Texas does not promote judicial economy, as the two cases could not be combined and would remain pending in two separate courts. To the extent that Defendants argue that Plaintiff's claims are improperly raise here because they are compulsory counterclaims to the matter pending before the Collin County Court, such an argument is not relevant to the issues presently before the Court.

mention of particular costs or inconveniences, nor do Defendants cite to any statute or case law in support of these assertions. [*See* Dkts. 9 & 15.] Thus, with regard to the question of the "convenience of the parties and witnesses," Defendants have failed to meet their burden of presenting the Court with particularized circumstances that would make the Eastern District of Texas a more convenient forum than this Court, as required by the Seventh Circuit. Although Defendants generally assert "great inconvenience" and "significantly increased" attorney fees, Defendants make no assertion that Plaintiff, a resident of Indiana, would not suffer an equal inconvenience and increase in attorney fees should the matter be transferred to the Eastern District of Texas. Additionally, Defendants made no effort to bolster this assertion in reply to Plaintiff's response brief, as no briefs in reply were filed. Thus, Defendants have not proven that the transferee forum is "clearly more convenient," and the standard set forth by the Seventh Circuit in *Coffey* is not met. Accordingly, transfer to the Eastern District of Texas under section 1404(a) is not appropriate.

### III. Conclusion

For the aforementioned reasons, the Court **DENIES** Defendants' Motions to Dismiss or, in the alternative, for Transfer of Venue to the Eastern District of Texas. [Dkts. 9, 15.]

Date: 04/15/2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Steven R. Hofer
hoferlawindy@gmail.com

Jason Van Dyke
THE VAN DYKE LAW FIRM PLLC
jason@vandykelawfirm.com

9